IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKIE SANCHEZ,

    Plaintiff,

v.                                                       CV 10-0774 WPL-KBM

KENNETH SALAZAR, SECRETARY,
U.S. DEPARTMENT OF THE INTERIOR,

    Defendant.

**ORDER GRANTING MOTION TO DISMISS**

Defendant Kenneth Salazar has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 21) and a memorandum in support of the motion (Doc. 22). The Defendant contends that the Court lacks subject matter jurisdiction to consider the claims raised in Plaintiff Jackie Sanchez's complaint. Having considered the motion, all responsive pleadings, and the relevant law, I will grant the motion and dismiss Sanchez's complaint without prejudice.

BACKGROUND

Sanchez filed suit against the Defendant in his official capacity as Secretary of the Department of the Interior alleging that she was discharged from her employment with the Bureau of Indian Education without the requisite notice and hearing. (Doc. 1 at 2-3.) Taking all alleged facts as true, *see Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), Sanchez was employed by the Bureau of Indian Education

1

("BIE")[1] as a teacher for sixteen years. In August of 2009, Sanchez was hired as a language arts and English teacher at T'siya Elementary and Middle School, a school operated by the BIE. Sanchez signed an employment contract for a fixed period of one academic year. In February of 2010, at least three months prior to the expiration of her contract, the principal of the school told Sanchez that her contract would be renewed. However, one month prior to the expiration of her contract, the acting principal of the school sent Sanchez a termination letter stating that she lacked the required certification to teach English and language arts. The termination letter also stated that Sanchez was being terminated during her probationary period and, as such, her termination was not subject to grievance or appeal. Sanchez did appeal her termination but was not provided a hearing for the same reasons stated in the letter. A central factual issue in the case is whether or not Sanchez was a probationary employee. (*See* Doc. 22 at 2.)

Sanchez claims that her termination without process breached express and implied contracts. (Doc. 1 at 4.) She further alleges that the regulation and policy exempting probationary employees from termination processes contravenes the plain language of the statute governing the employment of BIE educators. (Doc. 1 at 3, 5; Doc. 28 at 3.) Sanchez seeks compensatory damages, costs including attorney's fees, and a declaratory judgment that she was entitled to a grievance procedure and that she was not a probationary employee. (Doc. 1 at 4-5.) She has invoked jurisdiction "under the provisions of 25 U.S.C. § 2012." (*Id.* at 1.)

The Defendant contends that the jurisdiction of the federal court was not properly invoked

---

[1] The BIE was formerly known as the Office of Indian Education Programs, which was a part of the Bureau of Indian Affairs ("BIA"). *See* Indian Affairs: Who We Are, http://www.bia.gov/WhoWeAre/index.htm (last visited July 20, 2011). The BIE is now a parallel organization to the BIA, though many statutes and cases refer to both organizations as the BIA. Both are agencies within the Department of the Interior. *See id.*

by Sanchez' complaint. (Doc. 21 at 1.) He asserts that the United States did not waive its sovereign immunity in 25 U.S.C. § 2012. (Doc. 22 at 1.) Further, he urges that 25 U.S.C. § 2012 does not create a private cause of action for money damages. (*Id.*)

In response, Sanchez asserts that the jurisdiction of the federal court is invoked because she is seeking the court's review of a federal agency action. (Doc. 28 at 1-2.) For the first time, she cites the provision of 28 U.S.C. § 1346 granting federal district courts jurisdiction over civil actions for money damages based on violations of federal law and contracts. (*Id.* at 2.) She also continues to insist that 25 U.S.C. § 2012 provides a jurisdictional basis for her claims. (*Id.* at 3.)

ANALYSIS

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) seeks the dismissal of a plaintiff's complaint for lack of subject matter jurisdiction. Whether or not the court has jurisdiction to hear a claim is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). As is clear from Article III of the United States Constitution, the federal courts are courts of limited jurisdiction. A plaintiff must demonstrate that the federal court has jurisdiction over her claims by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182, 189 (1936); *Dalton v. City of Las Vegas*, 282 F. App'x 652, 655 (10th Cir. 2008) (unpublished); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Until the plaintiff articulates an applicable jurisdictional basis, the federal court must presume that it does not have jurisdiction over a complaint. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citations omitted). If the court lacks jurisdiction, the complaint must be dismissed without prejudice. *De Maio v. United States*, 93 Fed. Cl. 205, 209, 212 (2010).

Here, Sanchez made a specific jurisdictional allegation in her complaint, asserting jurisdiction pursuant to a federal statute, 25 U.S.C. § 2012. As a preliminary matter, though, Sanchez

3

later cited to 28 U.S.C. § 1346 as a potential basis for jurisdiction. (Doc. 28 at 2.) This statute vests the federal district courts with jurisdiction over civil lawsuits against the United States arising under the Constitution, federal laws, executive department regulations, or any government contract so long as the damages do not exceed $10,000 in amount. 28 U.S.C. § 1346(a)(2). It also provides jurisdiction over civil actions based on torts inflicted by governmental employees in the scope of their employment. 28 U.S.C. § 1346(b)(1). Sanchez failed to properly invoke this statute, for the basis for the court's jurisdiction must be evident on the face of the complaint itself. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("A federal court's jurisdiction must clearly appear from the face of a complaint . . . .").

Even had 28 U.S.C. § 1346 been mentioned in the complaint, Sanchez did not plead a necessary element. Sanchez has not pled facts supporting an allegation that the United States or its employees damaged her property or inflicted personal injury against her, so jurisdiction under 28 U.S.C. § 1346(b)(1) is not available. She has claimed that a federal law and a contract were violated, so 28 U.S.C. § 1346(a)(2) could apply so long as the damages would not exceed $10,000.[2] In her complaint, Sanchez did not stipulate to a damages amount. Instead, she states that she seeks compensatory damages "in an amount of [sic] to be proven at trial." (Doc. 1 at 5.) It is the plaintiff's responsibility to establish that her claim does not exceed the $10,000 limit set by the act. *Cortez v. E.E.O.C.*, 585 F. Supp. 2d 1273, 1288 (D.N.M. 2007). Sanchez has failed to meet that burden, so 28 U.S.C. § 1346 cannot serve as the jurisdictional basis for her claims.

Accordingly, the only claim to jurisdiction affirmatively asserted by Sanchez in her

---

[2] Notably, had 28 U.S.C. § 1346 been properly invoked for jurisdiction, Sanchez would only be able to pursue monetary relief. *See Richardson v. Morris*, 409 U.S. 464, 465 (1973) (citation omitted) ("[T]he Act has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States.").

complaint is 25 U.S.C. § 2012. Before reaching the issue of whether this statute permits the federal court to hear her claims, I must address an additional jurisdictional issue related to the nature of the defendant.

Sanchez has brought this action against an officer of the United States, Kenneth Salazar, in his official capacity. A lawsuit can only be sustained against the United States or one of its officers in his official capacity if the United States has consented to be sued with respect to the plaintiff's claim. *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). This is because the doctrine of sovereign immunity prohibits a lawsuit against the United States without its consent. *Id.*; *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (citations omitted). The waiver of sovereign immunity cannot be implied but must be explicitly expressed. *United States v. King*, 395 U.S. 1, 4 (1969) (citation omitted). Thus, where the United States or one of its officers is sued, the complaint must reference a statute expressly waiving the government's sovereign immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Again, the party bringing suit bears the burden of demonstrating that sovereign immunity has been waived. *James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

Defendant urges that I find that 25 U.S.C. § 2012 contains no waiver of the United States' sovereign immunity. (Doc. 22 at 5.) In most of the cases discussing the application of 25 U.S.C. § 2012, the claims are brought in the Court of Federal Claims and jurisdiction is asserted pursuant to the Tucker Act, 28 U.S.C. § 1491. The Tucker Act grants the Court of Federal Claims jurisdiction to render judgment on any claim against the United States founded upon the Constitution, federal laws, contracts with the United States, and torts committed by the United States. *Id.* This constitutes a waiver of sovereign immunity, and so the Court of Federal Claims has been able to hear those cases. *See Rippa v. United States*, 79 Fed. Cl. 639, 642 (2007). However, no court has found that 25

U.S.C. § 2012 in itself constitutes a waiver of sovereign immunity.

It is clear that, in 25 U.S.C. § 2012, the United States did not waive its immunity. The statute provides no mechanism for judicial review and at no point states that claims may be brought against the United States. Because no language in the statute expresses that a lawsuit may be brought against the United States, Congress had no intent to waive sovereign immunity in enacting the statute. *See also Volk v. Hobson*, 866 F.2d 1398, 1400 (Fed. Cir. 1989) (affirming a federal district court's decision, which concluded in part that the substantially similar predecessor statute to 25 U.S.C. § 2012 does not waive the government's sovereign immunity).

Furthermore, this Court may not exercise jurisdiction over Sanchez's complaint because 25 U.S.C. § 2012 does not include a private right of action. This statute exempts educators with the BIE from sections of the Civil Service Reform Act ("CSRA") related to employee appointment, classification, promotion, pay, hours of work, leave, and removal. 25 U.S.C. § 2012(a). The CSRA sets out a specific scheme for review of adverse employment decisions, permitting appeal by an employee to the Merit Systems Protection Board and allowing judicial review of that decision. *See* 5 U.S.C. §§ 7701, 7703. However, 25 U.S.C. § 2012 exempts BIA educators from that scheme. *See Hubbard v. Merit Sys. Prot. Bd.*, 319 F. App'x 912, 913-14 (Fed. Cir. 2009) (unpublished); *Flying Horse v. United States*, 49 Fed. Cl. 419, 430 (2001). As an alternative to the CSRA appeals process, the statute commands that the Secretary of the Interior craft a process that allows BIE educators to file grievances and appeal adverse employment decisions. 25 U.S.C. § 2012(e)(1); *see also Volk*, 866 F.2d at 1401.

On its face, 25 U.S.C. § 2012 does not provide a private right of action. *See id.* ("As can be seen, no private right of action to redress violations of the statute is expressly provided."). At no point in the statute is any procedure provided for BIE educators to obtain review, either

administratively or judicially, of employment decisions. In fact, the statute includes a subsection dedicated to appeals, which omits all mention of appeals by an aggrieved educator. 25 U.S.C. § 2012(e)(2)(B).

While judicial review is not expressly permitted, the statute does mandate that some process be given to educators who are terminated or whose contracts will not be renewed. 25 U.S.C. § 2012(e)(1). When charged with promulgating regulations governing discharge, the Secretary of the Interior was given a few specific directions. *Id.* Congress stated that "no educator may be discharged without notice of the reasons for the discharge and an opportunity for a hearing under procedures that comport with the requirements of due process." 25 U.S.C. § 2012(e)(1)(B). Thus, I must determine whether this language creates an implied private right of action.

Both parties discuss the decision of the Court of Federal Claims in *Rippa*, 79 Fed. Cl. 639. (Doc. 22 at 5-6; Doc. 28 at 3-4; Doc. 31 at 3-4.) In *Rippa*, the court discussed whether 25 U.S.C. § 2012(e) and the relevant regulation permit a suit for monetary damages against the United States. 79 Fed. Cl. at 640-43. While relevant and potentially persuasive, *Rippa* is also distinguishable. Most significantly, the Court of Federal Claims declined to comment on whether a federal district court would have jurisdiction over the complaint. *Id.* at 643.

Persuasive but distinguishable authority is not needed to resolve the jurisdictional issue here because there is controlling and uncontradicted precedent precisely on point. Prior to *Rippa*, it was determined that 25 U.S.C. § 2012(e) affords no private right of action for individual plaintiffs proceeding in federal district court. *Volk*, 866 F.2d at 1400-01.[3] In *Volk*, the plaintiff, a former BIA educator with a one-year contract, brought suit in the District of Arizona alleging violations of her

---

[3] *Volk* addressed the predecessor statute to 25 U.S.C. § 2012, then codified as 25 U.S.C. § 2011. The relevant portions of the two statutes are substantively identical. *See Rippa*, 79 Fed. Cl. at 643 n.1.

constitutional and statutory right to a hearing on her termination from the BIA and seeking injunctive and monetary relief from BIA officials, the BIA and the Department of the Interior.[4] *Id.* at 1400. The Federal Circuit agreed with the District of Arizona that 25 U.S.C. § 2012(e)(1)(B) affords no private right of action. *Id.* After finding no express right of action, the court looked to the legislative history and purpose of the statute, the identity of the persons intended to benefit from the statute, and the existence of adequate statutory remedies. *Id.* at 1400-01. It determined that Congress did not intend to create an implied right of action for damages pursuant to 25 U.S.C. § 2012(e)(1)(B) because doing so "would conflict with the statutory and administrative scheme." *Id.* at 1401.

Though Congress reenacted 25 U.S.C. § 2012 after *Volk*, the relevant part of the statute is essentially identical. Furthermore, Sanchez has presented no evidence suggesting that, by reenacting the statute, Congress intended to create a private right of action. The statute does not provide for judicial review on its face, and, for the reasons stated in *Volk*, does not afford an implied private right of action. Accordingly, the federal district court does not possess subject matter jurisdiction over Sanchez's complaint pursuant to 25 U.S.C. § 2012(e).

The absence of a private right of action generally does not affect the court's jurisdiction to review an agency action, *Or. Natural Res. Council v. U.S. Forest Serv.*, 834 F.2d 842, 851 (9th Cir. 1987) (citations omitted), and Sanchez has raised a challenge to an administrative regulation. Courts recognize a "strong presumption that Congress intends judicial review of administrative action." *Painter v. Shalala*, 97 F.3d 1351, 1356 (10th Cir. 1996) (quoting *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 670 (1986)); *see also Yankton Sioux Tribe v. Kempthorne*, 442 F. Supp.

---

[4] The plaintiff did follow the grievance procedure described in a negotiated agreement between the BIA and the National Council of Bureau of Indian Affairs Educators, but she was denied a hearing because the Office of Indian Education Programs determined that the negotiated agreement limited her right to appeal to arbitration. *Volk*, 866 F.2d at 1399-1400.

2d 774, 782 (D.S.D. 2006) (quoting *Lincoln v. Vigil*, 508 U.S. 182, 190 (1993)). This presumption can be overcome where the congressional intent to preclude judicial review is reasonably discernible from specific language or the detail of the legislative scheme. *Painter*, 97 F.3d at 1356 (quotations omitted).

In 25 U.S.C. § 2012(e), Congress charged the Secretary of the Interior with promulgating regulations governing the discharge of BIE educators and specified some process that must be provided to educators who are discharged and to contractual educators. Regulations were promulgated, and separate schemes were crafted to govern nonrenewal of contracts and discharge of educators for cause, inadequate performance, or other reasons. 25 C.F.R. §§ 38.8, 38.9. The discharge regulation requires the BIE to publish the procedural steps that school supervisors are expected to follow in the Bureau of Indian Affairs Manual ("BIAM"). 25 C.F.R. § 38.9(d). According to the regulation, the steps must include written notice, a reasonable time for response, an opportunity to review the material supporting the discharge decision, an opportunity to elect to have a representative, a right to a final decision, and a right to appeal the final decision with a hearing upon request. *Id.* A separate regulation governs the renewal of educators' contracts, and that regulation provides for a probationary period of employment. 25 C.F.R. § 38.8. Specifically, it states that "[t]hose employees with less than three full continuous school terms of consecutive contract appointments are serving a probationary period. Nonrenewal of his/her contract will be considered a continuation of the examining process. This action cannot be appealed or grieved." 25 C.F.R. § 38.8(g). A provision of the BIAM also provides for a probationary period during which none of the termination procedural requirements apply. 62 B.I.A.M. 11.27(A) (Release 16, April 6, 1990). These are the provisions with which Sanchez takes issue.

Unfortunately, Sanchez has failed to state a jurisdictional basis allowing me to consider this

claim. Part of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06, gives courts the authority to review administrative agency actions, but Sanchez did not assert jurisdiction pursuant to the APA. Sanchez argues that this court has jurisdiction, relying on a case that is actually inapposite. In *Yankton Sioux Tribe*, 442 F. Supp. 2d at 781, the plaintiffs, like Sanchez, challenged an administrative agency action. However, unlike here, those plaintiffs properly asserted jurisdiction pursuant to the APA and a number of other statutes. Complaint at 11, *Yankton Sioux Tribe*, 442 F. Supp. 2d 774 (No. 06-4091). Sanchez has only asserted subject matter jurisdiction pursuant to 25 U.S.C. § 2012, a statute that does not provide a basis for jurisdiction. Thus, she may not challenge the regulation or the BIE policy in this action.

## CONCLUSION

For the reasons stated above, Sanchez has failed to meet her burden to demonstrate that this Court possesses subject matter jurisdiction over her complaint. 25 U.S.C. § 2012(e) neither waives the sovereign immunity of the United States nor affords a private right of action to individual plaintiffs. Accordingly, the Defendant's Motion to Dismiss (Doc. 21) is granted, and Sanchez's Complaint (Doc.1) is dismissed without prejudice.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge
Presiding by Consent